BOGUE DEVELOPMENT CORPORATION, LARRY B. WEST AND G. V. COWPER, TRUSTEE, v. W. D. W. BISHOP.

(Filed 17 February, 1932.)

APPEAL by plaintiffs from *Frizelle, J.,* and a jury, at October Term, 1931, of BEAUFORT. No error.

The complaint alleges, in part: "That heretofore on ........ May, 1927, plaintiffs, Bogue Development Corporation and Larry B. West, constructed a garage for the defendant for his use and benefit and upon his contract and agreement to pay. That under the said contract and agreement there is due to the plaintiffs $374, with interest, demand of payment of which has been made and refused."

The defendant denied any indebtedness and in bar of recovery and as a defense to the action, set out new matters in the answer. The plaintiff replying to the new matters denied the material allegations.

The issue submitted to the jury and their answer thereto were as follows: "Is defendant indebted to plaintiff and if so in what amount? Answer: Nothing."

On the verdict of the jury the judgment of the court below was "that plaintiffs take nothing by their action," etc.

*Ward & Grimes for plaintiffs.*
*MacLean & Rodman for defendant.*

PER CURIAM. The evidence on the part of plaintiffs was to the effect that they built a stone, tile and stucco garage for defendant. The garage contained, besides a place to park the car, servant's quarters for them to sleep in. It had a bath and toilet, water works, shower and stool which were connected with the city sewer system. The servant's room is 10 by 12 and the garage is about 10 by 18 or 20. The contract price was $800 of which the sum of $426 had been paid, leaving a balance due of $374. That the garage was built according to contract and of fit, proper and suitable materials and in a workmanlike manner.

Plaintiffs' witness testified, unobjected to: "Mr. Bishop conveyed all this property back to the Bogue Development Corporation and of course the garage went with it as it was on the property."

The defendant's deposition was taken, and he testified, in part: "The agreed price for the garage, as best I can recall, was $800. The garage itself failed because of the faulty construction of the roof and the faulty construction of the drainage. In addition to that the building settled . . . and made it difficult both to open and close the doors

and windows throughout the building. Along with this, of course, was the great inconvenience caused by the delay of approximately two months in the completion of the garage. The garage as delivered to me was certainly not worth more than $500. I paid them $400 but after the defects developed, I refused to pay the balance."

The evidence of defendant in reference to the garage was to the effect that plaintiffs used in its construction inferior, defective, unfit and unsuitable materials and in that the plaintiffs did not construct the same in a workmanlike manner; that in consequence of the breach of the contract in the particulars alleged, the defendant received a building of much less the value than that contracted for and that the sum of $400 paid by the defendant is all the building as delivered to him was worth.

The evidence of plaintiffs supported their contention and that of defendant his contention. The jury decided for defendant, and we are bound by their finding, if there is no error in law.

We have read the charge of the court below with care and see no reversible or prejudicial error. The exceptions and assignments of error made by plaintiffs as to the admission of certain evidence on the part of the defendant cannot be sustained. On the record we find

No error.